UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
PANERESE ET AL.,

                                    Plaintiffs,

    -against-

SHIEKH SHOES, LLC,

                                    Defendant.
----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
19-CV-4061 (JMA) (AYS)

FILED
CLERK
12/1/2020 9:33 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Before the Court is the motion of plaintiffs John Panerese and Rusty Rendon ("Plaintiffs") for default judgment against defendant Shiekh Shoes, LLC ("Defendant") for an injunction pursuant to the Americans with Disabilities Act ("ADA"), $31,000.00 in damages, and $8,000.00 in attorneys' fees, expenses, and court costs. For the reasons stated herein, Plaintiffs' motion is GRANTED. Plaintiffs are awarded a default judgment against Defendant in the amount of $4,500.00, and the Court issues an injunction pursuant to the ADA.

## I.  DISCUSSION

### A.  Defendant Defaulted

Defendant was properly served in the action, but has not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action. Defendant's founder and CEO, Shiekh S. Ellahi, filed a letter in opposition to the motion for default judgment. (ECF No. 8.) This letter "does not constitute an appearance, and is not sufficient to cure any default. No corporation or other business entity can appear in an action in this court except through counsel." Exim, Inc. v. Innogarant, LLC, No. 10-CV-5271, 2011 WL 240130, at

*3 (S.D.N.Y. Jan. 19, 2011) (citing Eagle Assoc. v. Bank of Montreal, 926 F.2d 1305, 1310 (2d Cir. 1991)).  Therefore, Defendant defaulted.

### B. Liability

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).  However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law.  Id.

Plaintiffs, permanently blind individuals, allege that they have been denied full use and enjoyment of Defendant's website, www.karmaloop.com (the "Website"), as a result of accessibility barriers on a regular basis.  (Compl. at ¶¶ 7-8.)  Specifically, Plaintiffs allege that the accessibility barriers include linked images missing alternative text, empty headings, and redundant links.  (Id. at ¶ 17.)  Plaintiffs also allege that they genuinely wish to avail themselves of the goods and services offered on the Website, despite their dual motivation as "testers" visiting places of public accommodation to assess their compliance with Title III of the ADA.  (Id. at ¶ 9.)  Plaintiffs allege that they intend to continue to serve as "testers" for the foreseeable future to ensure that Defendant's Website and others are enjoyable to and usable by themselves and other visually impaired individuals.  (Id.)  Here, the allegations in the complaint are sufficient to establish Defendant's liability under the ADA, New York State Human Rights Law ("NYSHRL"), and Unruh Civil Rights Act ("UCRA").

### C. Injunctive Relief

Plaintiffs request an injunction requiring Defendant to take the steps necessary to make the Website readily accessible to and usable by visually impaired individuals.  Injunctive relief is available under the ADA in order to rectify violations of access requirements. 42 U.S.C. §

12188(a)(2).  Plaintiffs have established that access barriers on the Website prevent the use of screen reading software that would otherwise enable them to use and navigate the Website. (Compl. ¶¶ 8, 16-19.)  The ADA provides a private right of action for injunctive relief.  See 42 U.S.C. § 12188(a); see also Dominguez v. New York Equestrian Ctr., Ltd., No. 18-CV-9799, 2020 WL 5796275, at *3 (S.D.N.Y. Sept. 28, 2020).  "When a plaintiff demonstrates that a defendant has failed to remove barriers in violation of 42 U.S.C. § 12182(b)(A)(iv), 'injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities.'"  Panarese v. Sell It Soc., LLC, No. 19-CV-3211, 2020 WL 4506730, at *3-4 (E.D.N.Y. July 2, 2020), (report and recommendation adopted), adopted by, No. 19-CV-3211, 2020 WL 4505703 (E.D.N.Y. Aug. 5, 2020) (quoting 42 U.S.C. § 12188(a)(2)).  The court looks to the Web Content Accessibility Guidelines ("WCAG") 2.0 as the appropriate standard to determine whether a defendant's website is in compliance with the ADA's accessibility requirements.  See Andrews v. Blick Art Materials, LLC, 286 F. Supp. 3d 365, 370 (E.D.N.Y. 2017).  As this is a motion for default judgment, the Court accepts Plaintiffs' allegations as true that Defendant's website is not in compliance with the provisions of WCAG 2.0 and that the implementation of several basic components to bring the Website into compliance with WCAG 2.0 and the ADA is readily achievable.  See Shariff v. Alsaydi, No. 11 CV 6377, 2013 WL 4432218, at *4 (E.D.N.Y. Aug. 15, 2013); Sell It Soc., LLC, 2020 WL 4506730, at *3-4.

      Therefore, Plaintiffs' request for injunctive relief, is granted.  Defendants are enjoined from further discrimination, and are ordered to take the steps necessary to make the Website readily accessible to and usable by visually impaired individuals according to WCAG 2.0.  Defendant is ordered to submit to Plaintiffs' counsel an implementation plan that remedies the violations identified above within sixty (60) days of this Order; (2) Plaintiffs shall have thirty (30) days from

receipt of Defendant's plans to consent to those plans or to seek further relief from the Court; and (3) Defendants are directed to make the necessary alterations within sixty (60) days of Plaintiffs' consent or any ruling on Plaintiffs' request for further relief.

### D. Damages

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).

#### 1. Compensatory Damages Under the NYSHRL

The NYSHRL provides for compensatory damages. N.Y. EXEC LAW § 297(9) ("Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages . . . and such other remedies as may be appropriate[.]"). Panarese seeks compensatory damages in the amount of $15,000. (ECF No. 7-5 at ¶ 2.) Panarese's request for $15,000 is excessive, as he has not established any particular damages as a result of his inability to access the Website. See Sell It Soc., LLC, 2020 WL 4506730, at *3-4; Sofia v. L&R Corp., No. 18-CV-863, 2020 WL 2611015, at *2 (E.D.N.Y. May 22, 2020) (denying plaintiff's request for $2,500 in compensatory damages as excessive because plaintiff did not establish any particular damages). In cases where plaintiffs have not established particular damages, "courts have determined that awards between $500 to $1,000 are appropriate." Cox v.

Anjin LLC, No. 19-CV-4315, 2020 WL 5027864, at *8 (S.D.N.Y. July 24, 2020), (report and recommendation), adopted by, No. 19-CV-4315, 2020 WL 5018255 (S.D.N.Y. Aug. 25, 2020) (awarding $500); see also Thorne v. Formula 1 Motorsports, Inc., No. 19-CV-1077, 2019 WL 6916098, at *4 (S.D.N.Y. Dec. 19, 2019) (awarding $1,000). Therefore, Panarese is awarded $500 in compensatory damages under the NYSHRL.

### 2. Statutory Damages Under UCRA

Rendon requests $16,000 in statutory damages. (ECF No. 7-5 at ¶ 3.) The minimum statutory damage amount under the UCRA is $4,000 for each occasion on which a plaintiff encountered a barrier to access. CAL. CIV. CODE § 52(a); Johnson v. Wayside Property, Inc., 41 F. Supp. 3d 973, 981 (E.D. Cal. 2014). While Rendon does not state any particularized damages, the Ninth Circuit has held that "proof of actual damages is not a prerequisite to recovery of statutory minimum damages." Botosan v. Paul McNally Realty, 216 F.3d 827, 835 (9th Cir. 2000). However, to maintain an action for statutory minimum damages, a plaintiff must establish that he or she was denied full and equal access to a defendant's business establishment on a particular occasion. See Hubbard v. Twin Oaks Health & Rehab. Ctr., 408 F. Supp. 2d 923, 932 (E.D. Cal. 2004). Thus, the amount of a plaintiff's statutory damages under the UCRA is determined by how many times the plaintiff visited the non-compliant establishment. See Grutman v. Regents of Univ. of Cal., 807 F. Supp. 2d 861, 869 (N.D. Cal. 2011) (citing Org. for the Advancement of Minorities with Disabilities v. Pacific Heights Inn, No. 04-CV-03368, 2006 WL 2560754, at *4 (N.D. Cal. Sept. 5, 2006)).

Rendon alleges that he was denied full and equal access to the Website "multiple times in the past" but does not state with further specificity when or on how many occasions he was denied

access to the Website.  (Compl. at ¶ 7.)  Without further information, Rendon is awarded $4,000.00 in minimum statutory damages under the UCRA.

E.  **Attorneys' Fees and Costs**

Plaintiffs request $8,000 in attorneys' fees and costs.  (ECF No. 7-1 at ¶ 13; ECF No. 7-5 at ¶ 12.) The ADA and the UCRA allow a prevailing party in an action to recover reasonable attorneys' fees, including litigation expenses and costs.  42 U.S.C. § 12205; CAL. CIV. CODE § 52(a).  The NYSHRL only allows a prevailing party to recover attorneys' fees in cases involving housing discrimination, credit discrimination where sex is the basis of such discrimination, and employment discrimination.  See N.Y. EXEC LAW § 297(10); see also Lightfoot v. Union Carbide Corp., 110 F.3d 898, 913 (2d Cir. 1997) (". . . the NYSHRL does not provide for an award of fees.") (internal citation omitted).  Accordingly, Plaintiffs' request for attorney's fees and costs is only considered under the ADA and the UCRA.

A plaintiff seeking to recover attorneys' fees "bears the burden of proving the reasonableness and necessity of hours spent and rates charged."  Bennett v. Asset Recovery Sols., LLC, No. 14-CV-4433, 2017 WL 432892, at *6 (E.D.N.Y. Jan. 5, 2017) (report and recommendation), adopted by, No. 14-CV-4433, 2017 WL 421920 (E.D.N.Y. Jan. 31, 2017).  In support of a request for attorneys' fees, the party seeking fees must provide "contemporaneous time records reflecting, for each attorney and legal assistant, the date, the hours expended, and the nature of the work done."  Sheet Metal Workers' Nat. Pension Fund v. Skye Sheet Metal, Inc., No. 08-CV-1315, 2010 WL 3119783, at *9 (E.D.N.Y. June 22, 2010) (citation omitted), (report and recommendation), adopted by, No. 08-CV-1315, 2010 WL 3119441 (E.D.N.Y. Aug. 5, 2010).

Plaintiffs have not supported their request for attorneys' fees and costs with any time or expense records.  While contemporaneous time records are required to grant attorneys' fees related

to a federal claim, the Second Circuit has held that "where 'state law creates the substantive right to attorney's fees [such] a right [ ] cannot be deprived by applying the contemporaneous time records rule adopted in this Circuit.'" Cabrera v. Schafer, No. 12-CV-6323, 2017 WL 9512409, at *6 (E.D.N.Y. Feb. 17, 2017) (quoting Riordan v. Nationwide Mut. Fire Ins. Co., 977 F.2d 47, 53 (2d Cir. 1992)), adopted by, 2017 WL 1162183 (E.D.N.Y. Mar. 27, 2017).  However, even where a court may excuse the mandate for contemporaneous records in cases involving certain state law claims, the burden remains on "the attorney claiming such fees to 'keep and present records from which the court may determine the nature of the work done, the need for it, and the amount of time reasonably required; where adequate contemporaneous records have not been kept, the court should not award the full amount requested.'" Farb v. Baldwin Union Free Sch. Dist., No. 05-CV-596, 2011 WL 4465051, at *10 (E.D.N.Y. Sept. 26, 2011) (quoting F.H. Krear & Co. v. Nineteen Named Trs., 810 F.2d 1250, 1265 (2d Cir. 1987)).

As Plaintiffs have not submitted any documentation regarding the nature of the work done by counsel, the amount of time reasonably required to do such work, or any records reflecting the costs of the action, Plaintiffs' request for attorneys' fees and costs is denied.

## II.  CONCLUSION

The Clerk of the Court is respectfully directed to enter judgment against Defendant as follows:  Plaintiff Panarese is to be awarded $500 in compensatory damages under the NYSHRL and Plaintiff Rendon is to be awarded $4,000 in statutory damages under the UCRA.  An injunction is issued, pursuant to the ADA, ordering Defendant to provide access to the Website in compliance with the ADA and the WCAG 2.0.  Defendant is ordered to submit to Plaintiffs' counsel an implementation plan that remedies the violations identified above within sixty (60) days of this Order; (2) Plaintiffs shall have thirty (30) days from receipt of Defendant's plans to consent or to

seek further relief from the Court; and (3) Defendant is directed to make the necessary alterations within sixty (60) days of Plaintiffs' consent or any ruling on Plaintiffs' request for further relief.

The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated:  December 1, 2020
Central Islip, New York

      /s/  (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE